UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESUS ZAMORA VASQUEZ,<br><br>       Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. EDCV 14-00910-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Jesus Zamora Vasquez ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security disability insurance benefits and Supplemental Security Income benefits. The Commissioner has brought a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), based upon Plaintiff's failure to file a timely appeal from the ALJ's final decision. For the reasons discussed below, the Court agrees and accordingly grants the Commissioner's motion to dismiss.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2012, the ALJ issued an unfavorable decision denying Plaintiff's applications for benefits. See Motion to Dismiss, Weigel Declaration

("Weigel Decl.") ¶ 3(a), Exhs. 1, 2. On February 5, 2014, the Appeals Council mailed a notice to Plaintiff, with a copy to Plaintiff's attorney, denying the request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's final decision. See Weigel Decl. ¶ 3(a), Exh. 2. The notice from the Appeals Council informed Plaintiff that if he wished to commence a civil action, he must do so within 60 days of the letter's receipt, which was assumed to be within five days of the date of the denial of the request for review. Id. Accordingly, Plaintiff's deadline for filing a timely civil action in this Court was April 11, 2014, which is 60 days plus five days for mailing from the notice date of February 5, 2014. Id.

Plaintiff filed his Complaint in this Court on May 6, 2014. See Dkt. 1, 4. On July 28, 2014, the Commissioner moved to dismiss the Complaint as untimely filed, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 12. On August 28, 2014, Plaintiff filed an opposition to the motion to dismiss. Dkt. 14 ("Opposition"). On September 25, 2104, the Commissioner filed a reply to Plaintiff's opposition. Dkt. 17 ("Reply"). On October 9, 2014, Plaintiff filed a surreply. Dkt. 20 ("Surreply").

## II.
## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fails to state a claim upon which relief can be granted." To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss for failure to state a claim, courts may consider not only the allegations of a complaint, but also the exhibits attached thereto and any concessions made by the plaintiff. See Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995) (citing Cooper v. Bell, 628 F.2d 1208, 1210 n. 2

(9th Cir.1980)) ("When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal pursuant to Rule 12(b)(6) was proper without converting the motion to one for summary judgment.").

Here, the Commissioner contends that dismissal is required because Plaintiff failed to file his Complaint within the 60-day statute of limitations provided by 42 U.S.C. § 405(g). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." See Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980)). "Such a motion to dismiss should be granted only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." Id. (quoting Conerly, 623 F.2d at 119).

### III.
### DISCUSSION

**A.    Statute of Limitations**

Section 405(g) of Title 42 of the United States Code authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." To secure judicial review of a "final decision," the claimant must file an action in a district court within 60 days after the mailing to the claimant of the agency's final decision. See 42 U.S.C. § 405(g); see also 20 C.F.R. § 422.210(c) ("Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.").

1   Plaintiff concedes that the Commissioner sent him the notice of the
2   Appeals Council decision denying review on February 5, 2014. Opposition at
3   3. According to the Commissioner's regulations, Plaintiff was deemed to have
4   received the notice on February 10, 2014. See 20 C.F.R. § 422.210(c).
5   Accordingly, the undisputed deadline for Plaintiff's Complaint was April 11,
6   2014. See Opposition at 3 ("[T]he deadline for [Plaintiff] to commence a civil
7   action was April 11, 2014."). However, Plaintiff did not file the Complaint
8   until May 6, 2014, 25 days after expiration of the deadline imposed by 42
9   U.S.C. § 405(g). Therefore, as Plaintiff concedes, the Complaint was facially
10  untimely. See id. at 3-4 ("On its face, the complaint was not presented to the
11  clerk of the court in a timely fashion to satisfy the statute of limitations.").

### B. Plaintiff's Timeliness Arguments

Plaintiff makes two primary arguments as to why his Complaint should not be dismissed as untimely. First, Plaintiff contends that, because he requested an extension of time from the Appeals Council within the 60-day period, the Appeals Council's failure to act upon the request should operate to extend the deadline. Opposition at 3-6. Second, Plaintiff argues that he is entitled to equitable tolling of the limitations period based upon his limited English language skills and his good-faith attempt to obtain alternative legal representation, which would make the Complaint timely. Id. at 5. The Court will address each argument in turn.

#### 1. Request for Extension of Time

On February 14, 2014, Plaintiff's then-attorney Stuart Barasch sent him a letter in Spanish stating that he had reviewed the Appeals Council's decision and had decided not to appeal the case to the district court. See Surreply, Declaration of Jesus Zamora Vasquez ("Zamora Vasquez Decl.") ¶ 2, Exh. 1. The letter also informed Plaintiff that he had 60 days from the date of the Appeals Council's letter to file suit in district court, and that if Plaintiff wished

to appeal, he should seek legal assistance immediately. Id.

Plaintiff contends that on April 10, 2014, one day before the expiration of the 60-day limitations period, he faxed a request to the Appeals Council for extension of time to file suit on the ground that he needed "to have more time to seek an attorney." See Zamora Vasquez Decl. ¶ 4, Exh. 2 at 1. Plaintiff allegedly received a verification report confirming that the fax transmission was successful. See id. at 2. Plaintiff did not receive any other reply from the Appeals Council regarding his request for extension of time.[1]

As Plaintiff notes, the 60-day time limit is not absolute and "may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). However, Plaintiff requested an extension of time only one day before the filing deadline. As noted by the Eleventh Circuit, "a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review." Stone v. Heckler, 778 F.2d 645, 648 (11th Cir. 1985); see also Waller v. Commr. of Soc. Sec., 168 F. App'x 919, 920-21 (11th Cir. 2006); Atherton v. Colvin, No. 13-4870, 2014 WL 580167, at *3 (C.D. Cal. Feb. 12, 2014) (holding that plaintiff did not act with reasonable diligence by waiting until a week before the 60-day deadline to fax a request for extension of time and by failing to confirm that the Commissioner received the request).

Moreover, when the Appeals Council later denied Plaintiff's request for extension of time, it found that he had not established good cause. See Reply, Supp. Exh. A. The Appeals Council acknowledged the "steps required to pursue a civil action, such as completing paperwork, a potential counsel's

---

[1] Plaintiff presented this April 10, 2014 fax request for the first time as an attachment to his Opposition to the Motion to Dismiss. The Appeals Council was subsequently provided a copy of the fax request, which it denied on September 10, 2014. See Reply, Supp. Exh. A.

review of a case, and the preparation of appropriate documentation," but noted that all claimants must perform these steps. See Reply, Supp. Exh. A at 1-2. In addition, the Appeals Council noted that Plaintiff was represented by counsel at the time of its denial of his request for review on February 5, 2014, and there was nothing in the record to show that Plaintiff's counsel withdrew from representation. Id. The Appeals Council also noted that Plaintiff failed to explain why he was able to retain current counsel on April 29, 2014, only 19 days after his fax request to the Appeals Council, but could not obtain new counsel between February 5 and April 10, 2014, a period of more than 60 days. Id.

As Plaintiff concedes, the refusal of the Appeals Council to extend the time for filing "is discretionary and not subject to court review." Opposition at 5. Moreover, Plaintiff fails to cite any legal or administrative authority for his contention that the Appeals Council's failure to respond to his request for extension of time should be deemed to extend the deadline. Id. at 3. Accordingly, the Court rejects Plaintiff's argument that the failure of the Appeals Council to act on the extension request he filed on the last day of the limitations period served to extend the deadline.

### 2. Equitable Tolling

The Supreme Court has determined that the statute of limitations in § 405(g) "is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). Based upon this mandate, courts in similar cases have dismissed actions filed only days after the expiration of the 60-day statute of limitations. See, e.g., Tate v. United States, 437 F.2d 88 (9th Cir. 1971) (affirming dismissal where plaintiff filed two days late); Atherton, 2014 WL 580167, at *4 (dismissing complaint filed four days late); Davila v. Barnhart, 225 F. Supp. 2d 337 (S.D.N.Y. 2002) (granting motion to dismiss complaint filed one day late

because "60-day limit is a waiver of sovereign immunity which must be strictly construed").

However, in a "rare case," § 405(g)'s limitations period may be equitably tolled. Bowen, 476 U.S. at 480-81. "While in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review may be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480 (internal citations omitted). However, given that the limitations period must be strictly construed, "[t]he task of showing a basis for equitably tolling the statute of limitations may also prove to be daunting." Vernon, 811 F.2d at 1278. Federal courts generally have applied equitable tolling in one of two situations: either the plaintiff was prevented from asserting his claims by some kind of wrongful conduct on the defendant's part, or extraordinary circumstances beyond a plaintiff's control made it impossible to file the claims on time. See Seattle Audubon Society v. Robertson, 931 F.2d 590, 595 (9th Cir. 1991); see also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.").

Here, Plaintiff has failed to demonstrate that this case is a "rare case" that warrants equitable tolling. Plaintiff has not alleged that any wrongful conduct by the Social Security Administration that prevented him from filing his claim within the 60-day limitations period. Furthermore, Plaintiff's fax filing of his request for extension of time one day before the deadline demonstrates that he was not "pursuing his rights diligently." Nor has Plaintiff alleged that any "extraordinary circumstance" beyond his control prevented a timely filing. The only circumstances Plaintiff references are his lack of

proficiency in English and his efforts to procure new legal representation.[2] Neither of these common occurrences can be deemed to be "extraordinary," lest the exception swallow the rule. See, e.g., Lazerson v. Colvin, No. 13-2832, 2014 WL 967048, at *5 (N.D. Cal. Mar. 6, 2014) (seeking new counsel during 60-day period after denial of reconsideration not deemed to be extraordinary circumstance warranting equitable tolling); Cruz ex rel. C.M.R. v. Astrue, No. 11-199, 2012 WL 314869, at *3 (E.D.N.Y. Feb. 1, 2012) (finding that lack of language proficiency alone was insufficient to be considered an extraordinary circumstance so as to justify equitable tolling).

In sum, this Court cannot say that this is a "rare case" where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment would be inappropriate. Equitable tolling "is 'not available to avoid the consequences of one's own negligence.'" Vitt v. Astrue, No. 06-7184, 2008 WL 425936, at *5 (N.D. Cal. Feb. 14, 2008) (quoting Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998). Accordingly, 42 U.S.C. § 405(g)'s statute of limitations requires dismissal of Plaintiff's Complaint.

## IV.
## CONCLUSION

For the reasons stated above, the Court GRANTS the Commissioner's motion to dismiss and hereby DISMISSES this action with prejudice.

Dated: November 5, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[2] Notably, Plaintiff does not claim that his lack of English proficiency prevented him from understanding the deadline, as the letter from his former attorney informing him of the 60-day deadline was written in Spanish.

8